IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2162-BO

| | |
|---|---|
| LUIS ALBERTO CAMPOS SANCHEZ, ) ) ) Petitioner, ) ) v. ) ) NORA HUNT, ) ) Respondent. ) | ORDER |

The matter is before the court on respondents' respective motions to dismiss (DE 13, 19) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the court grants respondents' motions.

## STATEMENT OF THE CASE

On December 8, 2015, petitioner, a state inmate incarcerated at Pender Correctional Institution ("Pender"), was convicted of second-degree rape in Brunswick County Superior Court. (Def.'s Mem. Ex. 1). On January 6, 2016, the United States Department of Homeland Security United States Immigration and Customs Enforcement ("ICE") issued an immigration detainer providing petitioner notice of its intent to assume custody of petitioner after petitioner's release from incarceration on the ground that there is probable cause that petitioner is subject to removal from the United States under federal immigration law. (Id. Ex. 2). Petitioner currently is not in ICE custody, and is serving his sentence in the custody of the North Carolina Department of Public Safety ("DPS"). (Id.) (reflecting that the DPS has custody of petitioner and stating that ICE has requested

that DPS "maintain custody of [petitioner] for a period NOT TO EXCEED 48 HOURS beyond the time when [petitioner] would otherwise have been released[.]").

On July 7, 2016, petitioner filed the instant petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241, naming Columbus Correctional Institution ("Columbus") Superintendent Nora Hunt ("Hunt") and ICE as respondents. Petitioner raised the following two claims: (1) that he has been denied a speedy trial because a federal immigration detainer has been in place "for over [one] year" without resolution; and (2) that he was denied certain programs and opportunities as a result of the immigration detainer, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Respondents then filed respective motions to dismiss pursuant to Rule 12(b)(1) arguing that the court lacks subject matter jurisdiction over the petition. Petitioner did not respond to either motion.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he

2

facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B. Analysis

1. ICE's Motion to Dismiss

ICE argues that the court should dismiss petitioner's action against it for lack of subject matter jurisdiction. Federal jurisdiction over a petition for a writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c). Petitioner currently is in custody pursuant to his North Carolina State criminal sentence, and the presence of an ICE detainer does not affect his status as a sentenced state offender. See United States v. Rodriguez-Amaya, 521 F.3d 437, 441 (4th Cir. 2008) ("[I]n agreement with every other circuit to have considered the issue, that the Speedy Trial Act does not apply to civil detention generally, and to ICE administrative detention specifically."); Ogunde v. Holder, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013) ("[A]n immigration detainer does not subject a prisoner to [ICE] custody."), appeal dismissed, 563 F. App'x 237 (4th Cir. 2014). Rather, "[the detainer] merely notifies prison officials that a decision regarding his deportation will be made . . . at some future date." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).

3

Here, petitioner is not in ICE custody. As a result, he cannot meet the "in custody" requirement necessary to challenge his immigration detainer pursuant to § 2241. See Richard v. Immigration and Naturalization Servs., C/A No. 0:11–1508–JFA–PJG, 2011 WL 5876916, at *1 (D.S.C. Nov.22, 2011) (holding that a challenge to an ICE detainer based on prisoner's inability to make bond was subject to summary dismissal because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); see also Sewell v. Stephens, C/A No. 5:10–HC–2247–FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citation omitted). Thus, the court GRANTS ICE's motion to dismiss for lack of subject matter jurisdiction.

2.  The State Respondent's Motion to Dismiss

The court construes petitioner's petition challenging the execution of his North Carolina State sentence as one pursuant to 28 U.S.C. § 2254.[1] See In re Wright, 826 F.3d 774, 778 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence.") (internal quotations omitted); see also, Jones-El v. South Carolina, No. 5:13-cv-01851, 2014 WL 958302, at *6 (D.S.C. Mar. 11, 2014) ("Petitioner cannot be permitted to circumvent either the § 2254 filing limitations or the exhaustion-of-state-remedies requirements by claiming that his Petition should be governed by § 2241 because he is challenging the jurisdiction of the trial court."). Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking

---

[1] The form petitioner used to file his petition specifically states: "This form is also used by state prisoners challenging the fact or duration of their confinement and not the validity of their conviction. Such submissions will be deemed to be 28 U.S.C. § 2254 petitions." (See Pet. p. 1, n. 1).

4

federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Here, petitioner admits in his petition that he has not previously sought relief through state or federal administrative procedures or state or federal court as to the instant claims. (Pet. p. 3, ¶ 6). Thus, petitioner's claims are not exhausted, and respondent Hunt's motion to dismiss is GRANTED. See O'Sullivan, 526 U.S. at 845.

Even if petitioner could proceed with his claims, he would not be entitled to relief. An immigration detainer does not subject a prisoner serving a state criminal sentence to ICE custody. See Asemani v. Dept. of Homeland Security, Immigration and Customs Enforcement, No. RDB-16-4065, 2017 WL 1233803, at *2 (D. Md. Apr. 3, 2017) (dismissing § 2241 petition where the petitioner was "in custody of the Division of Correction of the State of Maryland, and fail[ed] to meet his burden to show that he [was] in custody."); Ogunde, 2013 WL 5504417, at *2 ("Since Plaintiff is not subject to a final order of removal and the only action INS has taken against him is the filing of a detainer with state prison officials, he is not in INS custody.") (citation omitted)). Absent custody, the court lacks jurisdiction over this action.

To the extent petitioner challenges his ICE detainer on the grounds that it makes him ineligible for family visits, educational programs, minimum custody, rehabilitation, career opportunities, or extra-circular activities, habeas corpus relief is not appropriate when a prisoner

challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008); Winslow v. Samberg, No. 86-7603, 1986 WL 18055, at *2 (4th Cir. 1986) ("To determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement."). Based upon the foregoing, petitioner may not proceed with any claims challenging his conditions of confinement pursuant to 28 U.S.C. §§ 2241 or 2254. See id.

To the extent petitioner raises a due process challenge because his ICE detainer makes him ineligible for certain North Carolina State prison programs or opportunities which would shorten the length of his sentence, he cannot prevail because inmates do not have a protected liberty interest in a particular custody classification, work release, or to participate in educational programs. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); Moody v. Daggett, 429 U.S. 78, 88 (1976) (concluding that discretionary determinations regarding conditions of confinement such as custody classification do not create due process rights). Based upon the foregoing, petitioner's allegations are insufficient to confer habeas jurisdiction for this claim.

Finally, the court addresses petitioner's contention that his equal protection rights are being violated because he is unable to participate in the aforementioned North Carolina State prison

6

programs. To demonstrate a violation of his equal protection rights, the petitioner must show that he has been treated differently from similarly-situated inmates and that the disparity in treatment is not rationally related to a legitimate governmental interest. See Moss v. Clark, 886 F.2d 686, 690 (4 th Cir. 1989). The exclusion of prisoners with ICE detainers from eligibility for a sentence reduction programs such as a community-based substance treatment program does not violate equal protection rights. See McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999) ("We do hold . . . that excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs. Therefore, the detainer exclusion survives rational basis review."); Garcon v. Cruz, No. 6:14-4332-RMG, 2015 WL 4557146, at *5 (D.S.C. July 28, 2015) ("The exclusion of prisoners with ICE detainers from eligibility for a sentence reduction that is contingent upon completion of a community-based substance treatment program does not violate equal protection rights."); Galvez v. United States, No. DKC 10-0128, 2013 WL 823150, at *3 (D. Md. Mar. 5, 2013) ("[N]o court has held that the Equal Protection Clause is violated by the Bureau of Prisons treating those with detainers—due to their status as illegal aliens or otherwise—differently for purposes of programming eligibility."). Based upon the foregoing, petitioner's equal protection claim also fails.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's

7

constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S. Ct. 759, 777 (2017) (citation omitted); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondents' respective motions to dismiss (DE 13, 19) are GRANTED, and the action is DISMISSED without prejudice. The court denies a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2 day of February, 2018.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

8